IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TERRY L. MCCOY
(ADC#654559)                                                                                          PLAINTIFF

v.                                  Civil No. 6:15-cv-06015-RTD-BAB

KATHY BROWN; ASSISTANT
WARDEN HAVARD; and OFFICER
ROBINSON                                                                                             DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Terry L. McCoy, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Corrections East Arkansas Regional Unit ("ADC-EARU"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is a Summary Judgment Motion from Plaintiff McCoy, (ECF No. 8). Defendants Responded. ECF No. 29. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.      BACKGROUND**

During the time at issue in his Complaint, Plaintiff was incarcerated in the Omega Technical Violator Center in Malvern, Arkansas. Plaintiff filed his Complaint with the Eastern District of Arkansas on January 22, 2015. ECF No. 2. The Complaint was properly transferred to this District on February 26, 2015. Plaintiff brought suit against all Defendants in their official

capacity only. ECF No. 2. Plaintiff seeks monetary damages. ECF No. 2, p. 7.

Plaintiff filed this Summary Judgment Motion on February 24, 2015. ECF No. 8. Defendants Responded. ECF No. 29.

## II.  LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.  DISCUSSION

Plaintiff alleges his First Amendment constitutional rights were violated in the Omega Center

because Center Policy "places a complete ban on inmates receiving newspapers from the publisher." ECF No. 2, p. 4. Plaintiffs argues summary judgment in his favor is appropriate because he exhausted his administrative remedies and the policy language itself is sufficient evidence of the violation. ECF No. 8. Plaintiff attached copies of the policy to his motion. Plaintiff did not attach greivance copies, but alleges he tried to grieve and received no response from Defendants. ECF No. 8, p. 2.

Defendants argue Plaintiff's Summary Judgment Motion should be denied for four reasons 1) Plaintiff failed to comply with Local Rules and attach a Brief and Statement of Facts with his Summary Judgment Motion; 2) Plaintiff does not have standing to pursue his First Amendment claims because he has not provided any evidence that the mailroom regulations were ever applied to him; 3) Plaintiff has provided only conclusory allegations without evidentiary substantiation to back them; and  4) Plaintiff failed to exhaust his administrative remedies on this claim.

In considering alleged constitutional violations in the context of incarcerated persons, the Court recognizes that it should afford deference to the decisions made by prison administrators. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977) ("courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.") (internal quotation omitted). Inmates, however, do not forfeit all constitutional rights upon incarceration. *See Thongvanh v. Thalacker,* 17 F.3d 256, 258 (8th Cir. 1994). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).  Therefore, "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the Corrections system." *Leonard v. Nix,* 55 F.3d

370, 374 (8th Cir. 1995) (internal quotations omitted).

Plaintiff attached copies of the Omega policy to his Summary Judgment motion. While he circles and otherwise points out several portions of the policy, only one paragraph addresses newspapers. Specifically, it states mail may not contain unauthorized material and gives examples of such, including "newspaper clippings and newspapers." ECF No. 2, p. 6; ECF No 8, p. 6.

At this point, Plaintiff has only shown the Omega Center policy places restrictions on his ability to receive newspaper clippings and newspapers in the mail. However, all restrictions on an inmate's ability to receive newspapers or other mail are not *per se* unconstitutional. Several material questions of fact remain as to whether these policies are reasonably related to legitimate penological objectives.

## IV.　CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Summary Judgment (ECF.No. 8) be **DENIED.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED this 24th day of June 2015.**

>　/s/　Barry A. Bryant
> HON. BARRY A. BRYANT
> UNITED STATES MAGISTRATE JUDGE